MEMORANDUM **
Plaintiff Alice Aline Powell appeals from the district court’s judgment affirming the denial of social security disability benefits by an administrative law judge (“ALJ”). We review de novo the district court’s decision. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.2002). Reviewing de novo questions of law, and for substantial evidence the ALJ’s findings, 42 U.S.C. § 405(g); Thomas, 278 F.3d at 954, we affirm.
1. The ALJ’s determination of Plaintiffs residual functional capacity (“RFC”) erred in one respect. The ALJ’s conclusion that Plaintiff was capable of a wide range of light work, instead of sedentary work, is not supported by substantial evidence, because the ALJ’s conclusions concerning Plaintiffs standing and walking limitations are inconsistent with light work. See 20 C.F.R. § 404.1567 (describ-. ing the requirements of “light work” and “sedentary work”). But that error was harmless because the ALJ held, at the next step, that Plaintiff was capable of performing her past relevant work—all of which was sedentary. See Stout v. Comm’r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir.2006) (holding that an error was harmless if it was “inconsequential to the ultimate nondisability determination”).
We reject Plaintiffs other challenges to the RFC assessment, as they either relate only to the standing/walking limitations discussed above or are unfounded. The ALJ fully complied with the procedural requirements of Social Security Ruling 96-8p.
2. The ALJ’s hypothetical to the vocational expert accurately reflected the RFC (except with regard to light work which, as discussed above, was harmless error). The ALJ also fully complied with Social Security Ruling 82-62.
3. We reject Plaintiffs challenge to the ALJ’s rejection of the lay witness testimony of Plaintiffs husband. The district court held that the ALJ did not err and, in the alternative, that any error was harmless.
We conclude from our independent review of the record that any error was harmless because any reasonable ALJ would have reached the same disability determination. See Carmickle v. Comm’r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir.2008) (“[T]he relevant inquiry in this context is not whether the ALJ would have *552 made a different decision absent any error, it is whether the ALJ’s decision remains legally valid, despite such error.” (citation omitted)).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.